# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:

| | |
|---|---|
| **Donald Keith Nelson** | **Case No.: 17-35078-KLP** |
| **Shari Lee Nelson** | Chapter 13 |

                                Debtors

_____

VIRGINIA CREDIT UNION, INC,

                Plaintiff,

v.                                                 **Adversary Proceeding No. 22-03031**

DONALD KEITH NELSON and
SHARI LEE NELSON,

                Debtors/Defendants.

## **DEBTORS' RESPONSE TO ADVERSARY COMPLAINT**

The Debtors/Defendants, Donald Keith Nelson and Shari Lee Nelson, by counsel, hereby file this Response to the Complaint filed in this Adversary Proceeding by Virginia Credit Union, Inc. (the "Plaintiff"), and they therefore state as follows:

1. The allegations contained in paragraphs one through fourteen of the Complaint are admitted.

2. However, with regard to paragraphs ten through thirteen, the Debtor-husband and/or Honor never made any payments as agreed to under the referenced consent order [Dkt # 37], and therefore it is alleged in defense that the Plaintiff herein is guilty of laches, having sat on their rights for over three (3) years to further effectuate relief and to repossess the said vehicle in a timely manner comporting with their own consent order.  The Debtors/Defendants were frustrated in their attempts to return the Vehicle by the Plaintiff's obvious laches and inability to follow through with the agreements.  The Vehicle was sold with four flat tires!

Suad Bektic (VSB # 90012)
NEW DAY LEGAL, PLLC
8500 Mayland Drive
Richmond, VA 23294
Telephone (804) 997-7395
*Counsel for the Debtors*

3. The allegations contained in paragraph fifteen are denied as patently false, fraudulent and misleading, as that contention is contravened by their own admission of receipt in Docket No. 108 or this case. Attached as **Exhibit 1** is the Notice provided by the DMV that the Plaintiff admits it received in its Rule 2004 Motion filed in this case at Docket No. 108, filed as their Exhibit E, at page 16 of 20 of that Motion in this case. This shows clearly that on the day that Shari Nelson filed for a notice of intent to dispose of abandoned property, the DMV actually sent notice to this Plaintiff by mail. This would give sufficient time for the Plaintiff to respond and repossess the Vehicle before any alleged auction or sale. The document speaks for itself.

4. While the transcript produced in Exhibit E herein, referenced by paragraph sixteen of the Complaint, indeed shows Wells Fargo as the lienholder, it does not show "that VACU's lien has been released". It is uncertain how VACU could have released its lien, except through the abandonment of it.

5. The allegations contained in paragraphs seventeen and eighteen of the Complaint are admitted.

6. The Debtors/Defendants deny the allegation in paragraph nineteen that the Vehicle stayed at their home until June of 2021, as Shari Nelson testified that their son had lived with the parents of a girlfriend for some time (See Complaint, paragraph 24). Otherwise, they admit that the Vehicle had been parked at their home during 2021 and that their son had made an effort to return the Vehicle to VACU, including surrendering it in his bankruptcy and telling them to come get it at his 341 hearing.

7. The allegations contained in paragraphs twenty through twenty-six of the Complaint are admitted, except that there is a typo at p. 25.g. The title was issued on June 15, 2021.

8. Paragraph twenty-seven does not require a response.

9. The cited premise contained in paragraph twenty-eight of the Complaint is admitted, but conversion by the Defendants is denied and they demand strict proof thereof.

10. The initial cited premise of paragraph twenty-nine is admitted, since it does not apply to the Defendants herein.  However, the second cited premise is no longer true, since the Complainant's referenced case, *In re Hodges*, 4 B.R. 513 (Bankr. W.D. Va. 1980), goes on to refute the old *Tinker v. Colwell*, 193 U.S. 473 (1904) standard by saying, "*The 'reckless disregard' standard and the cases that uphold that standard in construing section 17(a)(2) of the Bankruptcy Act are not applicable in interpreting section 523(a)(6).*"  Significantly, in the referenced *Hodges* case, the Debtor's wife sold a stereo that was encumbered by a valid enforceable lien (purchase money security interest) at a flea market, and the Court "*Adjudged and Ordered that the prayer of the Complaint be denied and that the debt sued for herein be, and the same is hereby adjudged dischargeable and the discharge shall accordingly issue.*" *Id. Hodges*.  It is obvious that under facts similar to these, the debt is dischargeable.

11. The allegations contained in paragraphs thirty and thirty-one of the Complaint are admitted.

12. The allegations contained in paragraph thirty-two are denied and the Debtors/Defendants demand strict proof thereof.  Shari Nelson genuinely thought that VACU had abandoned its interest in the Vehicle, that she thereby had a legal right to avail herself of the abandonment laws, and she had no immediate or contemplated notion to use the money to pay her debts.  It is admitted that she used this legal process without personally notifying the owners or the lienholder, because she thought that the DMV would take care of that for her, as they said they would.  She followed their instructions.

13. For the above reasons, and the simple principal that one cannot "convert" the property of a lienholder who does not hold title, the Debtors/Defendants deny the allegations of paragraphs thirty-three through thirty-six, especially the repeated allegations of malice, and they demand strict proof thereof.

14. Paragraph thirty-seven does not require a response, except to note that the cited Virginia Code section is the recitation of the five-year statute of limitations for injury to property and does not offer an independent basis for relief.

15. The allegations contained in paragraph thirty-eight are denied and the Debtors/Defendants demand strict proof thereof. Shari Nelson thought she had proper authority, as she dealt with the DMV and proceeded with their instructions.

16. The allegations contained in paragraph thirty-nine are denied and the Debtors/Defendants demand strict proof thereof. Again, the statute of limitations is the cited Code section, offering no relief, and one cannot "convert" the property of a lienholder who does not hold title.

17. Paragraph forty does not require a response, except to deny that there was any Fraud on the Complainant.

18. The Debtors/Defendants admit the elements of fraud as recited in paragraph forty-one. However, they deny making a false representation, intentionally and knowingly, and with the intent to mislead. They demand strict proof if anyone says they did.

19. The Debtors/Defendants admit that the cited *Allen* case from 1984 in paragraph forty-two contains a Virginia recognition of "concealment", but they herein deny that they concealed "a material fact" while knowing "that the other party" was "acting upon the assumption that the fact does not exist". They hereby demand strict proof thereof.

20. The Debtors/Defendants admit the substance of the then existing Virginia Code sections recited at paragraphs forty-three and forty-four, but they wish to emphasize that Shari Nelson did not read those sections ahead of time, but rather did what she did "*in a manner prescribed by the Commissioner*".

21. The allegations contained in paragraphs forty-five through fifty are denied and the Debtors/Defendants demand strict proof thereof. Shari Nelson genuinely thought that VACU

had abandoned its interest in the Vehicle and that she thereby had a legal right to avail herself of the abandonment laws. Her response in her deposition does not say she did what she did because of her understanding of bankruptcy law. She did not conceal anything, but rather she was very forthcoming in her deposition. She did not commit a fraud on anyone, but rather she assumed that the DMV would prompt VACU to act upon whatever rights it had.

22. Paragraph fifty-one does not require a response, except to note that there was no "Bailment" in this matter.

23. The Debtors/Defendants admit the broad definition of bailment as recited in paragraphs fifty-two through fifty-five, but counter that this does not apply to the facts at hand. Unlike a security agreement or pawn at a pawnbroker, where the secured party is entitled to the possession and use of the property only on default of payment, a bailor can demand the return of the property at any reasonable time, without prior notice. A common example of bailment is leaving your car with a valet. Leaving your car in a parking garage is typically a license, as the car park's intent to possess your car cannot be shown. This is not a bailment of any kind.

24. The Debtors/Defendants deny the allegations in paragraphs fifty-six through fifty-nine and demand strict proof thereof. They were not bailees for VACU's benefit. Again, an action that a debt should be determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6) cannot arise from an allegation of a bailment, when no bailment exists.

WHEREFORE, the Debtors/Defendants pray that this Honorable Court deny the Plaintiff's prayer in its Complaint and grant any further relief deemed appropriate.

Respectfully submitted this 17th day of May 2022.

                                        DONALD KEITH NELSON
                                        SHARI LEE NELSON
                                        By Counsel

NEW DAY LEGAL, PLLC

/s/ Suad Bektic
Suad Bektic, Esquire, VSB # 90012
8500 Mayland Drive
Richmond, VA 23294
(804) 997-7395 Phone
(888) 612-0943 Facsimile
sbektic@newdaylegal.com
*Counsel for the Debtors/Defendants*


## CERTIFICATE OF SERVICE

I certify that I have, this 17th day of May 2022, transmitted, via ECF or by regular mail, a true copy of the foregoing Debtor's Response to Complaint to:

P. Matthew Roberts, Esquire
Counsel for Virginia Credit Union, Inc.
KANE JEFFRIES, LLP
1700 Bayberry Court, Suite 103
Richmond, Virginia 23226
Telephone No: (804) 723-6570
pmr@kanejeffries.com


Suzanne E. Wade, Chapter 13 Trustee


Donald Keith Nelson
Shari Lee Nelson
8000 Queen Scot Drive
Richmond, VA 23235
*Debtors/Defendants*

                /s/ Suad Bektic
                   Suad Bektic, VSB # 90012